**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EDITH POSTEL, | : |
| Plaintiff, | : Civil Action No. 11-07379 (FLW) |
| v. | : **OPINION** |
| MARK D. PETTEGROW, et al., | : |
| Defendant. | : |

**WOLFSON, United States District Judge:**

Defendant, Mark D. Pettegrow ("Defendant" or "Pettegrow") moves for summary judgment of Plaintiff's, Edith Postel ("Plaintiff" or "Postel"), Complaint, based upon the verbal threshold requirements of N.J.S.A. § 39:6A. Although Plaintiff contends that she suffered permanent injuries as a result of a motor vehicle accident with Defendant, Defendant counters that Plaintiff has failed to produce objective medical evidence evincing any permanent injuries, and thus, Plaintiff's claim in tort is barred by the verbal threshold. For the reasons set forth in this Opinion, the Court finds that Plaintiff has failed to produce sufficient evidence to raise a genuine issue of material fact as to whether her injuries entitle her to vault the verbal threshold, and therefore grants Defendant's Motion for Summary Judgment.

**BACKGROUND**

1

On May 25, 2010, Plaintiff was driving on Hamilton Avenue in Princeton, New Jersey, when Defendant ran a stop sign and crashed into Plaintiff's vehicle. Plaintiff complained of neck pain and was transported to the University Medical Center at Princeton by the Princeton First Aid and Rescue Squad. (Plaintiff's Motion in Opposition to Summary Judgment ("Opposition"), Ex. A). The attending physicians and physicians' assistants noted tenderness of Plaintiff's neck and lower back, and diagnosed her with a compression fracture of the L4 vertebrae and various other degenerative changes. (Defendant's Motion for Summary Judgment ("Motion"), Ex. C).

Three days later, on May 28, 2010, Plaintiff saw Dr. Kyle Stier for an examination. Dr. Stier noted tenderness of Plaintiff's cervical paraspinals, and that Plaintiff was experiencing pain. (*Id.* at Ex. G). Dr. Stier made no mention of a decrease in range of motion, and also stated that Plaintiff did not need to have the L4 vertebrae – which had been previously injured – addressed further. (*Id.*) Dr. Stier recommended physical therapy and Plaintiff accepted this recommendation. (*Id.*) Plaintiff saw Dr. Stier at least seven times in the ensuing year. While Dr. Stier's opinion never changed, there are several visits worth noting. On July 2, 2010, Plaintiff presented for a physical exam, and Dr. Stier noted that her range of motion was full and tenderness was minimal. (*Id.* at Ex. H). On July 29, 2010, Plaintiff told Dr. Stier that she had been riding horses and playing tennis, and that she had stopped physical therapy because she felt that it was no longer worth her time. (*Id.* at Ex. I). Dr. Stier also noted that Plaintiff had informed him that her pain had returned to her normal baseline. (*Id.*) However, on December 3, 2010, Plaintiff told Dr. Stier that her insurance company had declined to pay for her most recent physical therapy sessions, and disputed that she had told Dr. Stier that her pain had

returned to its baseline. (*Id.* at Ex. K). On Plaintiff's final documented visit with Dr. Stier, May 10, 2011, Plaintiff brought in a list of four alleged misunderstandings and misstatements in her medical record, in hopes of correcting them or documenting her objections to them. (*Id.* at Ex. M). Plaintiff then filed her Complaint on December 20, 2011.

Defendant has moved for summary judgment, arguing that Plaintiff has failed to present a genuine issue of material fact as to whether her injuries permit her to surmount the verbal threshold bar. Plaintiff's opposition relies, *inter alia*, upon a report by Dr. Bruce Grossinger, a certified independent medical examiner who examined Plaintiff on October 26, 2012, in addition to the May 28, 2010 report of Dr. Stier. Dr. Grossinger's report noted spasms, aggravation of previous injures, a limited range of motion, and tenderness. (Opposition, Ex. C).

## DISCUSSION

### I. Standard of Review

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." *Riddle v. Life Ins. Co. of North America*, No. 11-1034, 2011 WL 4809037, at *2 (D.N.J. Oct. 11, 2011) (citing *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 482 n.1 (3d Cir. 2001)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). For an issue to be genuine there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). In determining whether a genuine issue of material fact exists, the Court must view the facts and all reasonable inferences

drawn from those in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (3d Cir. 2002). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." *Kaucher*, 455 F.3d at 423.

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. *Id.*; *Maidenbaum v. Bally's Park Place, Inc.*, 870 F.Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986). "A nonmoving party may not 'rest upon mere allegations, general denials or ... vague statements ....' " *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). Moreover, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

**II. Automobile Insurance Cost Reduction Act and the Verbal Threshold**

The Automobile Insurance Cost Reduction Act ("AICRA") was enacted to control the rising cost of automobile insurance and to achieve lower insurance premiums. *Libby v. Conner*, No. 06-2903, 2007 WL 3232585, at *3 (D.N.J. Oct. 3, 2007); *see also* N.J.S.A. § 39:6A-1.1, *et seq.*; *Dyszel v. Marks*, 6 F.3d 116, 119-20 (3d Cir. 1993). Under AICRA, individuals have the option of lower premium payments in exchange for restricting their right to sue a defendant for non-economic damages for injuries resulting from an automobile accident. *DiProspero v. Penn*, 183 N.J. 477, 481 (2005). This limitation is known as the "verbal threshold." If an individual has elected the verbal threshold option, that individual "exempts other private passenger auto owners from tort liability for non-economic losses, unless one of the … categories of specifically listed injuries is involved." *Dyszel*, 6 F.3d at 120. The categories of injuries are:

1. Death
2. Dismemberment
3. Significant disfigurement or significant scarring
4. Displaced fractures
5. Loss of fetus
6. A permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement.

N.J.S.A. § 39:6A-8(a).

An injury is considered to be permanent "when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." *Id.* To overcome the verbal threshold, AICRA requires that, within 60 days following the answer to the complaint, a Plaintiff must, "provide the defendant with a certification from the licensed treating physician or a board-certified licensed physician to whom the plaintiff was referred by the treating physician" stating that the plaintiff has

suffered a statutorily described injury.[1] *Id.* The physician's opinion and certification must "be based on and refer to objective clinical evidence" and cannot be "dependent entirely upon subjective patient response." *Id.* If the certification does not rely on objective medical evidence, the court may grant summary judgment for the defendant. *See Davidson v. Slater*, 189 N.J. 166 (2007). Doctors' reports submitted in support of Plaintiff's claims must also be based on objective medical evidence. *Id.* at 190 (remanding to the Appellate Division for "further explication" of the record "in light of the proof requirements for objective medical evidence of permanency," when it appeared that Plaintiff's claim of permanent injury was supported only by one doctor's assertion in his report, later reiterated in his certification, and another doctor's conclusory opinion); s*ee also Chalef v. Ryerson*, 277 N.J. Super. 22, 37 (App. Div. 1994) (finding that the submitted doctors' reports did not "provide sufficient objective, credible evidence that would enable plaintiff to overcome the verbal threshold."). In short, to successfully cross the verbal threshold, a Plaintiff must show, through objective medical evidence, an injury enumerated in the statute.[2]

### III. Plaintiff's Injuries

---

[1] Neither party provided this Court with a copy of the required physician's certification, and thus, it is not a part of this Court's analysis.

[2] Plaintiff relies heavily on *Oswin v. Shaw*, 129 N.J. 290 (1992) for the principle that she must also show a "serious impact on [her] life," and spends a significant portion of her brief discussing such impacts. However, the "serious life impact" standard did not survive the passage of AICRA, and thus, such information is irrelevant to the Court's analysis here inasmuch as this information does not help develop the four enumerated factors. *DiProspero*, 183 N.J. at 506 (holding that "the plain language of N.J.S.A. § 39:6A-8(a) does not contain a serious life impact standard" and refusing to read one into "an otherwise clear statute.").

Plaintiff relies on the report of Dr. Grossinger, who opines, to "a reasonable degree of medical certainty," that Plaintiff suffers from various injuries as a result of the accident with Pettegrow's vehicle. These injuries include spasms, aggravation of pre-existing injuries and conditions, limited mobility, and tenderness. These will be discussed in turn.

### A.     Spasms

Dr. Grossinger's report states that Plaintiff has "spasm in the lumbar spine," which is an objective finding. (Opposition, Ex. C); *see Oswin*, 129 N.J. at 320; *Jacques v. Kinsey*, 347 N.J. Super. 112, 119 (Law. Div. 2001) ("A muscle spasm is considered objective because it is involuntary, something which the patient cannot control."). However, a muscle spasm in and of itself may not be sufficient to clear the verbal threshold bar. *Whitaker v. DeVilla*, 147 N.J. 341, 358 (1997).

Here, Plaintiff presents no evidence that the spasm mentioned in Dr. Grossinger's report is permanent, long-lasting, or anything more than a fleeting condition. That Dr. Grossinger found spasms on one occasion – the only time he examined Plaintiff – is not sufficient evidence that such an injury is permanent. While muscle spasms that persist unabated for an extended period of time may be enough to overcome the verbal threshold, Plaintiff has not submitted evidence showing spasms persisting or of lasting duration. *Compare Cavanaugh v. Morris*, 273 N.J. Super. 38 (App. Div. 1994) (spasm continuing for a period more than a year satisfied the objective medical evidence requirement) *and Owens v. Kessler*, 272 N.J. Super. 225 (App. Div. 1993) (persistent spasms present three years after the accident and 26 months after treatment ended were sufficient to vault the verbal threshold) *with Carmichael v. Bryan*, 310 N.J. Super. 34

(App. Div. 1998) (spasms documented four times over 15 months were not persistent and therefore did not provide sufficient evidence to pass the verbal threshold). Because Plaintiff does not present evidence of persistent or long-lasting spasms, she has not shown that her spasm is the type of injury that would allow her to cross the verbal threshold bar.

### B.     Aggravation of Previous Conditions

Plaintiff also claims aggravation of various pre-existing injuries and conditions.[3] When a plaintiff pleads aggravation of a pre-existing injury, the plaintiff must submit comparative medical evidence as part of her prima facie verbal threshold demonstration, "in order to isolate the physician's diagnosis of the injury or injuries that are allegedly 'permanent' as a result of the subject accident." *Davidson*, 189 N.J. at 185. This requirement is not imposed by AICRA, but exists because "[c]ausation is germane to the plaintiff's theory of aggravation of a pre-existing injury[.]" *Id.* If a plaintiff cannot show that a reasonable fact-finder could find a causal nexus between defendant's negligence and plaintiff's alleged permanent injury, the plaintiff risks "dismissal on summary judgment." *Id.* at 188.

In support of her contention that the accident aggravated her prior injuries and conditions, Plaintiff submits Dr. Stier's notes from his initial post-accident examination

---

[3] Plaintiff's brief and statement of facts are somewhat inconsistent in this regard. In the statement of facts, Plaintiff notes that she sustained a compression fracture two years prior to the subject accident, and writes that "all pain and limited mobility and range of motion of Plaintiff were caused solely by the aggravation of the fracture as a result of this motor vehicle accident." (Opposition, at 3). However, in the body of the brief, Plaintiff contends that she has offered the requisite proof by way of "MRI and CT scans" which "demonstrate an L4 compression fracture and other cervical disc abnormalities," the implication being that the fracture and abnormalities were caused by the accident. That latter conclusion is not, however, supported by the medical record evidence.

of Plaintiff, and the report of Dr. Grossinger. (Opposition, Exs. B, C). Dr. Stier's notes mention that Plaintiff suffered an L4 compression fracture, and that while she previously suffered an L4 compression fracture, the symptoms had been resolved for several years. Importantly, however, Dr. Stier's notes do not indicate that the L4 was *newly* fractured in the accident, or that the previously existing fracture was in any way worsened. In fact, Dr. Stier states that a comparison of Plaintiff's previous x-rays with her post-accident x-rays reveals "no change in the size of the vertebrae" and that Postel "[does not need] to have the L4 level addressed any further." (Opposition, Ex. B). While Dr. Stier also opines that he "believe[s] all of [Plaintiff's] pain at this point [May 28, 2010] to be related to the motor vehicle accident and muscle strain during it," he does not relate this pain or strain to any aggravation of any of Plaintiff's pre-existing injuries or conditions, nor does he claim that this pain and strain are permanent.

Dr. Grossinger's report, however, explicitly states that Plaintiff has aggravation of "cervical degenerative joint disease … lumbar degenerative joint disease … [and] a prior compression fracture at L4." (*Id.* at Ex. C). Yet Dr. Grossinger does not explain how he reached this conclusion. He does not discuss what comparative analysis he performed, if any, or how he otherwise determined aggravation.[4] Indeed, Dr. Grossinger's report provides very few details on what exactly – tests, records, or otherwise – he bases *any* of his conclusions. Dr. Grossinger notes that he reviewed photographs of the vehicle, the police report, and emergency room records; a report from Dr. Stier, though he does not mention which report; that he performed "a cranial nerve analysis," which revealed

---

[4] Not only was such comparative evidence not submitted to the Court, the report of Dr. Morrison, the doctor who examined Ms. Postel at the request of Defendant, claims Ms. Postel's full records and imaging studies were not provided to him, and he was thus unable to perform a comparative analysis. (Motion, Ex. P).

9

Plaintiff's reactive pupils; and that Plaintiff had tenderness in various areas. He then provides several conclusions as to the seriousness, permanence, and aggravation of prior conditions allegedly suffered by Plaintiff. However, without a factual basis underlying these conclusions, such conclusions are insufficient to vault Plaintiff over the verbal threshold. While Dr. Grossinger does mention that he reviewed the emergency room records and one of Dr. Stier's reports, none of what he reviewed can support his conclusion that Plaintiff's prior injuries were *aggravated*. There must be a nexus between the facts relied upon and the conclusion reached. *See Morel v. Patel*, 2007 WL 2693869 (N.J. Super. Ct. App. Div. Sept. 17, 2007) (granting summary judgment on the verbal threshold because conclusions in a doctor's report were unsupported) (citing *Buckelew v. Grossbard*, 87 N.J. 512, 524 (1981)); *see also Oswin*, 129 N.J. at 320-21 (finding a medical report that did nothing more than parrot the AICRA statute and was rife with unexplained technological terms to be insufficient to overcome the verbal threshold bar).

Furthermore, even if Plaintiff had produced sufficient evidence as to aggravation, Plaintiff does not introduce any evidence that the alleged aggravation caused by the accident is permanent. While Dr. Grossinger concludes, in his report, that Plaintiff has suffered permanent neurological and orthopedic injuries, he fails to point to any objective medical evidence to support this conclusion. In short, his conclusion of permanency falls of its own weight because there is no evidentiary foundation for that finding. As explained above, in the absence of objective medical evidence, the bald conclusions of a doctor are insufficient to raise a question as to permanency. *See* Davidson, 189 N.J. at 190.

Because Plaintiff has failed to introduce comparative objective medical evidence to support her position that the accident aggravated her prior injuries and conditions, and also failed to introduce evidence that any such aggravation is permanent, Plaintiff has not demonstrated a genuine question of material fact to defeat a Motion for Summary Judgment on the verbal threshold bar.

### C. Limited Range of Motion

Dr. Grossinger's report states that Plaintiff suffers "severe restriction of neck mobility," "difficulty with rotation to the right as well as side bending to the right," and "tenderness and spasm in the lumber spine with restricted mobility." What Dr. Grossinger's report does not do, however, is explain upon what objective medical evidence he relied in reaching his conclusions about Plaintiff's range of motion. Generally, "[r]ange of motion indications are insufficient to survive the verbal threshold." *Moylan v. Mehta*, L-671-04, 2006 WL 1409782, at *1 (N.J. Super. Ct., App. Div. May 24, 2006) (quoting *Oswin*, 129 N.J. at 320); *see also Branca v. Matthews*, 317 F. Supp. 2d 533, 538 (D.N.J. 2004) ("[R]ange-of-motion tests alone will not satisfy the standard required to meet the verbal threshold."). This is so because most range of motion tests are inherently subjective. *Jacques*, 347 N.J. Super. at 119. Subjective tests do not meet the statutory requirement for objective clinical evidence. Thus, Plaintiff's evidence of her limited range of motion is insufficient to permit her to overcome the verbal threshold bar.

### D. Tenderness

The report of Dr. Grossinger mentions that, at the time of examination, Plaintiff had "tenderness of the cervical facet regions," "palpatory fibrosis tenderness of the right trapezius, rhomboids, and suraspinatus," and "tenderness … in the lumbar spine." This

Court is aware of no case in which it was found that tenderness has provided the final push for a plaintiff to clear the verbal threshold. *See, e.g.*, *Phillips v. Phillips*, 267 N.J. Super. 305, 314 (App. Div. 1993). ("[T]enderness to a member or tenderness in general is not enough to be of the type that the legislature contemplated in enacting the statute."); *Phifer v. Kauffman*, No. 05-4578, 2007 WL 1557203, at *8 (D.N.J. May 22, 2007) (holding that "[t]he subjective complaints of neck and right arm pain, even when supported by [a Doctor's] finding of 'tenderness to palpation,' are insufficient to vault the verbal threshold.").

In addition, even if tenderness alone could enable Plaintiff to vault the verbal threshold, Plaintiff has failed to provide evidence that her tenderness is a permanent injury, rather than fleeting or temporary. Therefore, Plaintiff's evidence of tenderness does not raise a genuine issue of fact.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to present a genuine issue of material fact as to whether her injuries allow her to surpass the verbal threshold. Defendant's Motion for Summary Judgment is hereby granted.

    /s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge